**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELITE GAMING TECHNOLOGY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-cv-8984 |
| ) | |
| SPEC INTERNATIONAL, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**COMPLAINT**

For their Complaint against Defendant, Plaintiff Elite Gaming Technology, Inc. ("Elite" or "Plaintiff"), by their attorneys, allege as follows:

**NATURE OF THE ACTION**

1. The action arises as a result of Spec International Inc.'s ("Spec" or "Defendant") infringement of United States Design Patent Number D677,736 S (hereinafter "'736 patent"), attached as Exhibit A. Elite seeks damages for Spec's infringement and other wrongful conduct, enhancement of damages due to Spec's willful and knowing tortious actions, reasonable attorney's fees and costs, a preliminary and permanent injunction barring Spec from further tortious actions, and other appropriate relief.

**THE PARTIES**

2. Plaintiff Elite Gaming Technology, Inc., formerly Elite Casino Products, Inc., is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 310 Windy Point Drive, Glendale Heights, Illinois 60139.

3. Upon information and belief, Defendant Spec International, Inc. is a corporation organized and existing under the laws of the State of Michigan with a principal place of business at 1530 Eastern Avenue, Grand Rapids, Michigan 49507.

## JURISDICTION AND VENUE

4. This is a civil action for design patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is subject to personal jurisdiction in this judicial district for one or more of the following reasons:

   a. The exercise of personal jurisdiction over Spec by this Court is consistent with the Federal Due Process Clause since Spec has established minimum contacts with this forum such that the exercise of jurisdiction over Spec would not offend traditional notions of fair play and substantial justice;

   b. Upon information and belief, Defendant either directly or through its agents, regularly transact and/or solicit business in this judicial district and throughout the United States;

   c. Upon information and belief, Spec directs goods, services, and advertising by mail, electronic communications, and other means into the State of Illinois, including in this District; and

   d. Spec has committed tortious injury to Elite and to Elite's business operations within this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 because, upon information and belief, Spec has transacted and continues to transact business within this

District and has sold and continues to offer infringing products for sale in this District. In addition, venue is proper because Elite's principal place of business is in this District, and Elite has suffered and is suffering harm in this District.

## BACKGROUND

7. Plaintiff Elite Gaming Technology, formerly Elite Casino Products, was incorporated in Illinois in 2004 as a division of Elite Manufacturing Technologies, a high-quality, precision sheet metal fabricator in suburban Bloomingdale, Illinois.

8. On March 12, 2013, United States Design Patent No. D677,736 S ("the '736 patent"), entitled "Gaming Cabinet," was duly and legally issued. A true and correct copy of the '736 patent is attached to this Complaint as Exhibit A.

9. Plaintiff Elite Gaming Technology, Inc. is the current owner of the '736 patent.

10. The '736 patent covers the ornamental design for a gaming cabinet. Elite has practiced the '736 patent in connection with the commercialization of its NITRO and GEMINI brand cabinets, as shown in the side by side comparison below:

      '736 Patent           NITRO           GEMINI



11. Elite has not granted a license or any authorization to Spec or any third party to make, use, offer for sale, sell or import gaming cabinets that embody the cabinet design patented in the '736 patent.

12. Upon information and belief, Defendant has manufactured, imported, sold and/or offered for sale gaming cabinet products in the United States, including Redemption Series DR-22 and SDR-22 and Casino Series DC-22 and SDC-22 (collectively "Products") that infringe Elite's patent, as shown below:



DR-22          SDR-22

13. Each of the accused cabinets is offered for sale throughout the United States, including the State of Illinois, on Spec's web site. On information and belief, Spec is also directly offering to sell the accused cabinet through trade shows and direct marketing to customers. This marketing effort is directed, at least in part, to Elite's customers in an effort supplant the Elite NITRO and GEMINI cabinets with those customers. This effort is having a direct and negative effect on Elite both in Illinois and nationwide.

14. The cabinet designs of the Defendant's Products are the same or substantially the same as the cabinet design of the '736 patent and Elite's NITRO and GEMINI line of cabinets.

4

The cabinet designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase SPEC's products believing them to be substantially the same as the cabinet design protected by the '736 patent.

15. In September 2015, Elite advised Spec through written communications that Elite owned the '736 patent and Spec's Products had a substantially similar design to the '736 patent and Elite's NITRO brand cabinet. The parties have exchanged communication with respect to the Spec's infringement but no resolution has been reached.

16. Spec knowingly and willfully infringed Elite's rights in the '736 patent, resulting in damage to Elite.

## COUNT 1

**(Infringement of U.S. Design Patent No. D677,736 S)**

17. Plaintiff incorporates the allegations set forth in paragraphs 1-16 above.

18. United States Design Patent No. D677,736 S, entitled "Gaming Cabinet," was duly and legally issued and is currently valid and in force.

19. Plaintiff Elite Gaming Technology, Inc. is the current owner of the '736 patent.

20. Defendant has infringed and induced others to infringe the '736 patent by, among other things, making, using, selling and/or offering for sale within the United States, or importing into the United States, Products that employ the claimed subject matter of the '736 patent, all without authority or license from Elite.

21. Defendant Spec infringes the '736 patent because, inter alia, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the cabinet design of the '736 patent and the cabinet designs of Spec's Products are substantially the same, the

resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

22. Plaintiff Elite provided actual notice to Spec of its infringement on repeated occasions in September 2015, including without limitation the filing of this complaint.

23. In spite of such repeated notices, Defendant has engaged in a pattern of conduct demonstrating: Defendant's awareness of the '736 patent; the objectively high likelihood that Defendant's actions constitute infringement of the '736 patent and that the '736 patent is valid and enforceable; and that this objectively-defined risk was so obvious that Defendant knew or should have known it.

24. Upon information and belief, Defendant's infringement of the '736 patent has been and continues to be willful and deliberate, without license, and carried out with full knowledge of the '736 patent.

25. Defendant's infringement of the '736 patent will continue unless restrained and enjoined by this Court.

26. Plaintiff has suffered and will continue to suffer damages and irreparable injury as a result of Defendant's infringement. Plaintiff has no adequate remedy at law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that a judgment be entered against Defendant:

A. finding that Defendant has infringed the '736 patent;

B. preliminarily and permanently enjoining Defendant, its officers, subsidiaries, agents, servants, employees, attorneys, and all persons in active concert with Defendant, from any further infringement of the '736 patent;

C. ordering that Defendant deliver to Plaintiff for destruction all completed cabinets and cabinet pieces used in the infringement of the '736 patent;

D. awarding damages, costs, and prejudgment interest to Plaintiff pursuant to 35 U.S.C. § 284;

E. awarding treble damages for willful infringement to Plaintiff pursuant to 35 U.S.C. § 284;

F. ordering an accounting of profits;

G. declaring this case exceptional and awarding Plaintiff its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

H. awarding Plaintiff such other relief as this Court deems just and proper.

## Jury Demand

Elite demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: October 9, 2015

By: s/ Brandon J. Kennedy
James C. Gumina
James M. McCarthy
Brandon J. Kennedy
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, IL 60606
Phone: (312) 913-00001
Fax: (312) 913-0002
gumina@mbhb.com
mccarthy@mbhb.com
kennedy@mbhb.com

*Attorneys for Plaintiffs*
*Elite Gaming Technology, Inc.*